IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Simon Allen, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Captain Downey; Lt. Lark; and ) <br> Lt. Butler, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:15-5108-RMG-KFM <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff is a pre-trial detainee at the Anderson City Jail in Anderson, South Carolina. The three defendants are employees of the Greenwood County Detention Center. Captain Downey is the administrator of the Greenwood County Detention Center. Lieutenants Lark and Butler are shift leaders.

The plaintiff alleges that the defendants have denied him access to the courts in retaliation for his filing a lawsuit (doc. 1 at 2). In the "STATEMENT OF CLAIM" portion of the complaint, the plaintiff alleges: (1) the defendants have retaliated against the plaintiff for filing Civil Action No. 8:15-363-RMG-KFM by depriving him of access to the courts (*id*. at 4); (2) Civil Action No. 8:15-363-RMG-KFM was dismissed because the defendants stole the plaintiff's booking report (*id*.); (3) Civil Action No. 8:15-504-RMG-KFM was dismissed because the plaintiff was denied proper access to legal materials (*id*.); (4) the plaintiff was not allowed to prove that he was unlawfully arrested (*id*.); (5) the plaintiff asked Captain Downey many times for legal information and legal materials (*id*.); (6) the plaintiff filed a grievance on July 15, 2015; (7) on July 23, 2015, the plaintiff had a meeting with Captain Downey and others and tried to give the plaintiff's sister a power of attorney to get a copy of his booking report (*id*.); (8) legal mail sent by the plaintiff on September 21, 2015,

October 6, 2015, October 9, 2015, and November 10, 2015, never made it to the District Court, the Supreme Court of South Carolina, or Office of Disciplinary Counsel (*id*.); (9) the plaintiff mailed a criminal complaint to the postal inspector on December 7, 2015 (*id*. at 5); (10) the plaintiff filed a grievance with Lt. Butler on August 14, 2015, about detention center policy allowing only two envelopes and one pieces of paper (*id*.); (11) the plaintiff filed another grievance on August 20, 2015, but was told that it was on the wrong form and that he could not get another form until the next month (*id*.); (12) Lt. Lark answered the grievance sent to Lt. Butler and told the plaintiff not to tell him how to do his job, to get a lawyer if the plaintiff wanted legal information, and not to expect special treatment (*id*.); (13) Lt. Lark denied the plaintiff the information needed to access the court (*id*.); (14) documents showing that the plaintiff was unlawfully arrested were taken from the plaintiff (*id*. at 6); (15) the taking of those documents "started" Civil Action No. 6:15-2903-RMG-KFM (*id*.); and (16) the actions of certain law enforcement officers, who are not named defendants in this action, with respect to the plaintiff's arrest violated S.C. Code Ann. § 17-13-30 and § 17-13-50 (*id*.).

In his prayer for relief, the plaintiff seeks: (1) a law library at the Greenwood County Detention Center; (2) no limit on legal materials to access the courts (*id*.); (3) more than one phone call to attorney per month; (3) "declaratory relief to be released from the unlawful" arrest; and (4) punitive damages from each defendant for the maximum amount allowed by the South Carolina Tort Claims Act (*id*. at 7). The plaintiff also states that the three defendants in this case and a non-party to this case (Officer W. Freeman) are being sued in their individual capacities for the maximum allowed by the South Carolina Tort Claims Act (*id*.).

Appended to the complaint are the plaintiff's grievances, all of which bear the notation "6:15-cv-02903-RMG-KFM" (doc. 1-1 at 1–5). One of the documents indicates that the plaintiff was seeking copies of a reported South Carolina case, two reported cases from

2

the United States Court of Appeals for the Fourth Circuit, copies of Rules 1–72 of the Federal Rules of Civil Procedure, and a reported case from the Seventh Circuit (*id*. at 5). The plaintiff has also included copies of his arrest warrants, his jail intake report, and a consent for medical treatment (doc. 1-2 at 1–6).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (doc. 1) and attachments (doc. 1-1 and doc. 1-2) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff's claims relating to the lack of access to a law library at the Greenwood County Detention Center are foreclosed by circuit case law. The United States Court of Appeals for the Fourth Circuit has ruled that the Constitution of the United States does not require every local jail even to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee v. Waters* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id.*

The plaintiff must show a specific injury from his lack of access to legal materials at the Greenwood County Detention Center. *See id.* (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only

3

temporarily in a local jail"). In other words, a plaintiff must show an actual injury resulting from the loss or absence of his or her legal materials. *Cochran v. Morris*, 73 F.3d 1310, 1316-17 (4th Cir. 1996); *cf. Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded); and *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions). Although the plaintiff alleges that his cases were dismissed because of his lack of legal materials, the docket sheets in his pending case and prior cases reveal that none of the cases were dismissed as the result of his failure to submit needed items or legal materials.

**Civil Action No. 8:15-363-RMG-KFM**

In *Simon Allen, Jr. v. Greenwood County Sheriff's Department; Greenwood Saolicitor Office; B. Ware; and Bryan Louis*, the plaintiff brought a civil rights action on January 30, 2015, which related to his pending criminal case in state court. In a Report and Recommendation filed in Civil Action No. 8:15-363-RMG-KFM on February 12, 2015, the undersigned recommended summary dismissal *without prejudice* of the case. The plaintiff filed timely objections on February 20, 2015. The Honorable Richard M. Gergel, United States District Judge, adopted, in part, the Report and Recommendation, dismissed all claims except those relating to Bryan Louis, and remanded the claims relating to Bryan Louis to the undersigned magistrate judge for service of process. The plaintiff complied with the "get in proper form" order issued on March 17, 2015, and Civil Action No. 8:15-363-RMG-KFM was served upon Bryan Louis, who filed an answer and a motion for summary judgment. A *Roseboro* order was issued on August 14, 2015. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and the plaintiff timely responded to the *Roseboro* order on August 31, 2015, and filed another response on September 23, 2015. On September 24, 2015, the undersigned issued an order in Civil Action No.

4

8:15-363-RMG-KFM to apprise the parties that the issues were fully briefed. On September 29, 2015, the undersigned issued a Report and Recommendation that Bryan Louis' motion for summary judgment be granted because he had not violated clearly established law, declaratory and injunctive relief were not available under controlling case law, and the plaintiff's state law claims should be dismissed *without prejudice*. The plaintiff on October 8, 2015, filed timely objections (doc. 74) to the Report and Recommendation. Judge Gergel adopted the Report and Recommendation on October 15, 2015. The plaintiff's timely Notice of Appeal (Fourth Circuit Docket No. 15-7687) was docketed on October 22, 2015. Hence, it is clear that Civil Action No. 8:15-363-RMG-KFM was not dismissed as a result of any actions by the named defendants or Officer Freeman.

## Civil Action No. 8:15-504-RMG-KFM

In *Simon Allen, Jr. v. Special Agent Paul Lee, et al.*, Civil Action No. 8:15-504-RMG-KFM, the plaintiff on February 5, 2015, brought a civil rights action against various federal officials, his Assistant Federal Public Defender, and a courtroom deputy with respect to his criminal case. During the pendency of Civil Action No. 8:15-504-RMG-KFM, the plaintiff was moved to the Anderson City Jail, but did not file a formal change of address with the Clerk of Court. After the plaintiff was sent a copy of the "get in proper form" order on March 17, 2015, he brought the case into "proper form" on March 26, 2015. On March 30, 2015, the undersigned issued a Report and Recommendation for summary dismissal because the plaintiff's claims were precluded by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), and because some of the defendants were immune from suit. The plaintiff timely filed on objections on April 13, 2015, and filed supplemental attachments on April 15, 2015. Judge Gergel adopted the Report and Recommendation on April 20, 2015. The plaintiff filed a timely Notice of Appeal on April 29, 2015. The Court of Appeals affirmed. *See Allen v. Lee*, No. 15-6654, 614 F. App'x 117 (4th Cir. Aug. 25, 2015)(*per*

*curiam*). Civil Action No. 8:15-504-RMG-KFM was not dismissed as a result of any actions by the named defendants or Officer Freeman.

### Civil Action No. 6:15-2903-RMG-KFM

In *Simon Allen, Jr. v. Sgt. Moton; Sgt. Holtzeclaw; Cpt. Grisham; Nurse Donna; Nurse Sara; Nurse Mary; and Captain Downey*, Civil Action No. 6:15-2903-RMG-KFM, the plaintiff on July 27, 2015, brought a civil rights action relating to confiscation of legal documents and medical care. After receiving a "get in proper form" order, the plaintiff on August 5, 2015, submitted the needed documents. The undersigned authorized service of process on August 6, 2015. The docket sheet in 6:15-2903-RMG-KFM indicates that the plaintiff has filed a motion for default judgment, an amended complaint, a motion to produce documents, and a motion to produce witness statements. The plaintiff has until January 11, 2016, to file his response to the defendants' two motions for summary judgment.

This court may take judicial notice of the plaintiff's pending case and closed civil cases.[1] *See, e.g.*, *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

### South Carolina Tort Claims Act

As earlier stated, the plaintiff seeks damages under the South Carolina Tort Claims Act. The plaintiff cannot bring suit in federal court under the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State

---

[1] The docket sheet in the plaintiff's closed criminal case, *United States v. Simon Allen, Jr.*, Criminal No. 8:14-324-TMC-2, which is currently on appeal (Fourth Circuit Docket No. 15-4336), reflect numerous *pro se* filings by the plaintiff (docs. 203, 206, 207, 218, 223) since the original judgment was entered on June 5, 2015.

of South Carolina, and does not consent to suit in a federal court or in a court of another State.).

### The Plaintiff's Request for Release from Detention

The plaintiff cannot obtain his release from detention in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); and *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008) (release from prison is not a remedy available under 42 U.S.C. § 1983).[2]

### Conclusion

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *with prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

January 7, 2016                                    s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

---

[2] Even if the plaintiff were released from state custody, he still has a federal sentence to serve. *See United States v. Simon Allen, Jr.*, Criminal No. 8:14-324-TMC-2.

7

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).