UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Simon Allen, Jr., # 2095, | ) | C/A No. 6:15-5108-RMG-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| Captain Downey; | ) | |
| Lt. Lark; and | ) | |
| Lt. Butler, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

       This matter is before the court for a review of the plaintiff's amended complaint. The undersigned issued a report and recommendation on January 7, 2016, recommending summary dismissal of the plaintiff's initial complaint (doc. 9). On January 13, 2016, the plaintiff moved to amend his complaint (doc. 11). The Honorable Richard M. Gergel, United States District Judge, ordered the plaintiff to file his amended complaint within 14 days of the filing of the order, otherwise the report and recommendation would be adopted (doc. 15); the plaintiff filed his amended complaint on April 20, 2016 (doc. 23).[1] The undersigned recommends summary dismissal of the amended complaint.

       The plaintiff was a pre-trial detainee at the Greenwood County Detention Center at the time he filed this action and has since been released on bond. The three defendants are employees of the Greenwood County Detention Center. Captain Downey is the administrator and Lieutenants Lark and Butler are shift leaders.

       To summarize the allegations in his initial complaint, the plaintiff alleges that the defendants frustrated his efforts to show that he was falsely arrested. He alleges that they: (1) retaliated against him for filing suit (Civil Action No. 8:15-363-RMG-KFM) by

---

[1] The order ruling on the report and recommendation was sent to the plaintiff and returned twice; he provided an updated address on April 1, 2016 (docs. 18, 19, 22).

1

depriving him access to the courts, and which caused the dismissal of that case (*id*. at 4); (2) denied him access to legal materials, causing the dismissal of a second suit (Civil Action No. 8:15-504-RMG-KFM) (*id*.); (3) and that they took documents from him, which "started" his third suit (Civil Action No. 6:15-2903-RMG-KFM) (*id*.). He also alleges that he discovered that some of his legal mail was undelivered and that he filed various grievances without success concerning his lack of legal materials (*id*.).

In his prayer for relief, the plaintiff seeks: (1) a law library at the Greenwood County Detention Center; (2) no limit on legal materials to access the courts (*id*.); (3) more than one phone call to attorney per month; (4) "declaratory relief to be released from the unlawful" arrest; and (5) punitive damages from each defendant for the maximum amount allowed by the South Carolina Tort Claims Act (*id*. at 7).

Appended to the complaint are the plaintiff's grievances, all of which bear the notation "6:15-cv-02903-RMG-KFM" (doc. 1-1 at 1-5). The plaintiff has also included copies of his arrest warrants, his jail intake report, and a consent for medical treatment (doc. 1-2 at 1-6).

In his amended complaint, the plaintiff appears to allege that he has been denied access to the courts because pieces of his mail that he sent from the Greenwood County Detention Center were not received by others (doc. 23). He states that he mailed three letters to the Bureau of Prisons ("BOP"); after the plaintiff was released on bond, he called the BOP and was told that they had not received any of his letters (*id*.). The plaintiff contends that if the BOP had received his letters, he would have been released from custody immediately (*id*.). The plaintiff does not request any additional relief in his amended complaint (*id*).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint (doc. 1) and attachments (docs. 1-1, 1-2) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90-95 (2007) (per curiam).

2

When a federal court is evaluating a *pro se* complaint or petition, the allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

The plaintiff fails to state a plausible claim that he has been denied access to courts because the BOP did not receive his letters. To sustain a claim of denial of access to the courts, a prisoner must show that his efforts to pursue a legal claim were hindered. *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir.1997) ("a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'") (quoting *Lewis v. Casey*, 518 U.S. 343, 356 (1996)). Here, the plaintiff contends that the BOP did not receive three letters; however, he does not allege that he was unable to communicate with an attorney or the court system. Thus, the plaintiff does not state a plausible claim that his ability to access the courts was infringed.[2]

---

[2] To the extent that the plaintiff is attempting to bring a stand alone claim for false imprisonment, the plaintiff cannot recover monetary damages against anyone under § 1983 for false imprisonment until he proves that the underlying charge for which he was imprisoned has been overturned or invalidated in some way. The United States Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Nelson v. Murphy*, 44 F.3d 497 (7th Cir. 1995) (finding that a pretrial detainee "already participating in state litigation must make his stand there" in state court rather than by trying to defend against the state criminal charge in an independent § 1983 action in federal court).

Moreover, the plaintiff's claims relating to the lack of access to a law library at the Greenwood County Detention Center are foreclosed by circuit case law. The Fourth Circuit Court of Appeals has ruled that the Constitution of the United States does not require every local jail to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id*. (internal citation omitted).

The plaintiff must show a specific injury from his lack of access to legal materials at the Greenwood County Detention Center. *See id.* (prisoner must show specific injury or actual harm from absence of law library when that prisoner was "housed only temporarily in a local jail"). In other words, a plaintiff must show an actual injury resulting from the loss or absence of his or her legal materials. *Cochran v. Morris*, 73 F.3d 1310, 1316-17 (4th Cir. 1996); *cf. Lewis*, 518 U.S. at 349 (holding that prisoner must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded); and *Michau v. Charleston Cnty.*, *S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions). Although the plaintiff alleges that his cases were dismissed because of his lack of legal materials, the docket sheets in his pending case and prior cases reveal that none of the cases were dismissed as the result of his failure to submit needed items or legal materials.

**Civil Action No. 8:15-363-RMG-KFM**

In *Simon Allen, Jr. v. Greenwood County Sheriff's Department; Greenwood Saolicitor Office; B. Ware; and Bryan Louis*, the plaintiff brought a civil rights action on January 30, 2015, which related to his pending criminal case in state court. In a report and recommendation filed in Civil Action No. 8:15-363-RMG-KFM on February 12, 2015, the undersigned recommended summary dismissal without prejudice of the case. The plaintiff filed timely objections on February 20, 2015. Judge Gergel adopted, in part, the report and recommendation, dismissed all claims except those relating to Bryan Louis and remanded

4

the claims relating to Bryan Louis to the undersigned magistrate judge for service of process. The plaintiff complied with the "get in proper form" order issued on March 17, 2015, and Civil Action No. 8:15-363-RMG-KFM was served upon Bryan Louis, who filed an answer and a motion for summary judgment. A *Roseboro* order was issued on August 14, 2015, *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and the plaintiff timely responded on August 31, 2015, and filed another response on September 23, 2015. On September 24, 2015, the undersigned issued an order in Civil Action No. 8:15-363-RMG-KFM to apprise the parties that the issues were fully briefed. On September 29, 2015, the undersigned issued a report and recommendation that Bryan Louis' motion for summary judgment be granted because he had not violated clearly established law, declaratory and injunctive relief were not available under controlling case law, and the plaintiff's state law claims should be dismissed without prejudice. The plaintiff, on October 8, 2015, filed timely objections (doc. 74) to the report and recommendation. Judge Gergel adopted the report and recommendation on October 15, 2015. The plaintiff's timely notice of appeal (Fourth Circuit Docket No. 15-7687) was docketed on October 22, 2015. Hence, it is clear that Civil Action No. 8:15-363-RMG-KFM was not dismissed as a result of any actions by the named defendants.

**Civil Action No. 8:15-504-RMG-KFM**

In *Simon Allen, Jr. v. Special Agent Paul Lee, et al.*, Civil Action No. 8:15-504-RMG-KFM, the plaintiff, on February 5, 2015, brought a civil rights action against various federal officials, his Assistant Federal Public Defender, and a courtroom deputy with respect to his criminal case. During the pendency of Civil Action No. 8:15-504-RMG-KFM, the plaintiff was moved to the Anderson City Jail, but did not file a formal change of address with the Clerk of Court. After the plaintiff was sent a copy of the "get in proper form" order on March 17, 2015, he brought the case into "proper form" on March 26, 2015. On March 30, 2015, the undersigned issued a report and recommendation for summary dismissal because the plaintiff's claims were precluded by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), and because some of the

5

defendants were immune from suit. The plaintiff timely filed on objections on April 13, 2015, and filed supplemental attachments on April 15, 2015. Judge Gergel adopted the report and recommendation on April 20, 2015. The plaintiff filed a timely notice of appeal on April 29, 2015. The Court of Appeals affirmed. *See Allen v. Lee*, No. 15-6654, 614 F. App'x 117 (4th Cir. Aug. 25, 2015) (per curiam). Accordingly, Civil Action No. 8:15-504-RMG-KFM was not dismissed as a result of any actions by the named defendants.

### Civil Action No. 6:15-2903-RMG-KFM

In *Simon Allen, Jr. v. Sgt. Moton; Sgt. Holtzeclaw; Cpt. Grisham; Nurse Donna; Nurse Sara; Nurse Mary; and Captain Downey*, Civil Action No. 6:15-2903-RMG-KFM, the plaintiff on July 27, 2015, brought a civil rights action relating to confiscation of legal documents and medical care. After receiving a "get in proper form" order, the plaintiff on August 5, 2015, submitted the needed documents. The undersigned authorized service of process on August 6, 2015. The docket sheet in 6:15-2903-RMG-KFM indicates that the plaintiff has filed a motion for default judgment, an amended complaint, a motion to produce documents, a motion to produce witness statements, two responses in opposition to motions for summary judgment, and a reply to a reply.

This court may take judicial notice of the plaintiff's pending case and closed civil cases.[3] *See, e.g., Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008). Based on the foregoing, the plaintiff has failed to show that any perceived lack of legal material or access to the courts caused him specific damage, and his claims should be dismissed.

---

[3]The docket sheet in the plaintiff's closed criminal case, *United States v. Simon Allen, Jr.*, Criminal No. 8:14-324-TMC-2, which was affirmed on appeal (Fourth Circuit Docket No. 15-4336), reflect numerous *pro se* filings by the plaintiff (docs. 203, 206, 207, 218, 223) since the original judgment was entered on June 5, 2015.

**South Carolina Tort Claims Act**

As previously stated, the plaintiff seeks damages under the South Carolina Tort Claims Act. The plaintiff cannot bring suit in federal court under the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case with prejudice and without service of process. The plaintiff's attention is directed to the notice on the next page.

May 6, 2016                                                                  s/ Kevin F. McDonald
Greenville, South Carolina                                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).